Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 529 | **DATE** | 1/29/2001 |
| **CASE TITLE** | Victory Packaging vs. Jackson Moving Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Victory has plainly turned to Defeat in its duty to establish diversity of citizenship between the litigants, a precondition to its entering the federal courthouse door. As stated at the outset, the absence of established diversity constitutes a lack of subject matter jurisdiction, and both the Complaint and this action are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 30 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/29/2001 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | 01 JAN 29 PM 4:02 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VICTORY PACKAGING,            )
                              )
            Plaintiff,        )
                              )
      v.                      )     No. 01 C 529
                              )
JACKSON MOVING SERVICES, L.L.C., )
etc.,                         )
                              )
            Defendant.        )

MEMORANDUM OPINION AND ORDER

Victory Packaging ("Victory") has instituted this action against Jackson Moving Services, L.L.C. ("Jackson"), seeking to invoke federal jurisdiction on diversity grounds under 28 U.S.C. §1332.[1] Because Victory's effort to do so is fundamentally flawed, this Court sua sponte dismisses the Complaint and this action for lack of subject matter jurisdiction.

There is no question that Victory's counsel is familiar with the jurisdictional requirements for corporate parties: Complaint ¶1 properly identifies both facets of Victory's corporate citizenship under Section 1332(c)(1). But it is equally obvious that the Complaint has come up short as to Jackson: Complaint ¶1 identifies only the Illinois location of its principal office and place of business.

That would of course be insufficient under Section 1332(c)(1) even if Jackson were a corporation. But it is not--it

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

is identified as an L.L.C. (a limited liability company). And as to such juridical entities Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)(case citations omitted) teaches:

> This animal is like a limited partnership; the principal difference is that it need have no equivalent to a general partner, that is, an owner who has unlimited personal liability for the debts of the firm. See generally Larry E. Ribstein & Robert R. Keatinge, Ribstein and Keatinge on Limited Liability Companies (1998). Given the resemblance between an LLC and a limited partnership, and what seems to have crystallized as a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise (as it has with respect to corporations, in 28 U.S.C. §1332(c)(1)), we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.[2]

Hence Victory has plainly turned to Defeat in its duty to establish diversity of citizenship between the litigants, a precondition to its entering the federal courthouse door. As stated at the outset, the absence of established diversity constitutes a lack of subject matter jurisdiction, and both the Complaint and this action are dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 29, 2001

---

[2] [Footnote by this Court] That conclusion of course also makes irrelevant the location of Jackson's principal place of business, which is part of the jurisdictional matrix only as to corporations.

2